IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| TYRONE HURT | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:16cv87 |
| STATE OF OKLAHOMA | § | |

<u>MEMORANDUM OPINION REGARDING VENUE</u>

Plaintiff Tyrone Hurt, proceeding *pro se*, filed the above-styled lawsuit. While plaintiff's complaint is difficult to decipher, he appears to be complaining that his constitutional rights have been violated by the State of Oklahoma.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Discussion</u>

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Plaintiff's claims arose in State of Oklahoma. Further, the defendant is located in the State of Oklahoma. When public officials are parties to an action in their official capacities, they reside for venue purposes where they perform their official duties, which in this case is Oklahoma. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976). Accordingly, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.

§ 1406(a). The court has considered the relevant circumstances and determined that justice would best be served by transferring this lawsuit to the district where the claims arose. Accordingly, this case should be transferred to the United States District Court for the Western District of Oklahoma. An appropriate order so providing will be entered by the undersigned.

**SIGNED this the 19th day of March, 2017.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE